IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01727-WJM-STV

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

WESTERN DISTRIBUTING COMPANY, d/b/a Western Distributing Transportation Co., a Colorado corporation,

Defendant.

---

### EEOC'S PARTIALLY OPPOSED MOTION TO ALLOW LIVE TESTIMONY BY CONTEMPORANEOUS VIDEO TRANSMISSION AT TRIAL

---

Karl Tetzlaff, Trial Attorney
Telephone: 720.779.3619
E-Mail: karl.tetzlaff@eeoc.gov

U.S. Equal Employment
Opportunity Commission
Denver Field Office
950 17th Street, Suite #300
Denver, Colorado 80202

The Equal Employment Opportunity Commission moves pursuant to Fed. R. Civ. P. 43(a) and Section II.F of this Court's Practice Standards for an order allowing certain out-of-state witnesses to testify by contemporaneous video transmission at trial. The EEOC seeks this accommodation for three Aggrieved Individuals, an EEOC expert, and certain third-party witnesses. The EEOC can arrange for these witnesses to testify remotely at a federal courthouse, an EEOC office, or a local court reporter office within 100 miles of their homes. Further, there is good cause to allow for the remote testimony for each of these witnesses because many of the witnesses are unable to travel because of medical conditions. Good cause also exists for those witnesses without medical conditions because they moved out of the state during the pendency of the litigation. Because the witnesses are unavailable or unable to come to Colorado for the trial, the EEOC will be prejudiced if they are not allowed to testify remotely at trial. And, testimony by contemporaneous video transmission will permit appropriate safeguards to ensure the reliability of the testimony. For these reasons, the Court should grant this Motion.

**Certification of compliance with Local Civil Rule 7.1.**  The parties have conferred over this motion and Western opposes. When Western conferred with the EEOC about its own similar motion, ECF 999, the EEOC advised that it would not oppose Western's motion and asked for the same consideration from Western as to EEOC witnesses who are outside subpoena range of this court and unable or unavailable to travel to Colorado for the trial. Western said it would not object to the EEOC remotely calling four aggrieved individuals and EEOC expert Dr. Gutman — but Western opposes the EEOC's request that non-aggrieved individual witnesses testify remotely. Thus, Western opposes allowing Shelia Crisafi, Dr. Richard Nanes, Melaquias Maes, and Franklin Hughes to testify remotely, without regard for their individual circumstances. On

December 16, 2022, the EEOC conferred whether Western opposed remote testimony for former EEOC Trial Attorney Michael Baskind of Phoenix, Arizona, for the purpose of authenticating two documents. As of the time of this filing, Western has not responded.

I. **Legal Standards**

Fed. R. Civ. P. 43 requires that "witnesses' testimony must be taken in open court[.]" Fed. R. Civ. P. 43(a). However, Rule 43 also "provides that testimony by contemporaneous transmission (by telephone or videoconference, for instance) may be taken in open court '[f]or good cause in compelling circumstances and with appropriate safeguards.'" *Eller v. Trans Union, LLC*, 739 F.3d 467, 477 (10th Cir. 2013) (quoting Fed. R. Civ. P. 43(a)). In assessing the safeguards of such contemporaneous transmissions, the courts focus on whether the testimony was made in open court, under oath, and whether the opportunity for cross examination was available. *F.T.C. v. Swedish Match North America, Inc.*, 197 F.R.D. 1, 3 (D.D.C. 2000). As the Advisory Committee Notes to Rule 43(a) explain, the rule is intended to permit remote testimony when a witness's inability to attend trial is the result of "unexpected reasons, such as accident or illness," and not when it is merely "inconvenient for the witness to attend the trial." Fed. R. Civ. P. 43(a) advisory committee's note. Good cause and compelling circumstances may be established with relative ease if the parties agree testimony should be presented by transmission. *Id*.

Rule 45 provides mechanisms to ensure the appearance of witnesses at trial. But the Court's subpoena power can only command a person's presence at trial "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. 45(c)(1)(A). The interests of justice are served by a combined reading of Rule 43 and Rule 45 to allow presentation of testimony by contemporaneous video transmission. *Diener v. Malewitz*, No. 18-

CV-85-J, 2019 WL 13223871, at *7 (D. Wyo. Oct. 18, 2019). The decision to permit such testimony falls within the Court's discretion. *Gil-Leyva v. Leslie*, 780 Fed. App'x 580, 587 (10th Cir. 2019).

## II. ARGUMENT

### 1. Good Cause Exists to Warrant Remote Testimony at Trial

Good cause exits to warrant the remote testimony of these witnesses because they reside more than 100 miles from the U.S. District Court of Colorado. Specifically, William Arseneau resides in Blanchard, Idaho; Tina Brethour in Hereford, Texas; Darrell Smallridge in Johnsonville, South Carolina; Frank Hughes in Conway South Carolina; Dr. Arthur Gutman in Tampa, Florida; Shelia Crisafi in El Paso, Texas; Dr. Richard Nanes in Commerce Township, Michigan; Melaquias Maes in Las Vegas, Nevada; and Michael Baskind in Phoenix, Arizona.

The Court should find good cause to permit Dr. Gutman, Mr. Arseneau, Ms. Brethour, and Mr. Smallridge to testify remotely because of the agreement between the parties. As explained above, in conferral Western stated it would not oppose the remote testimony of Dr. Gutman and the three Aggrieved Individuals. In such circumstances, good cause is established with "relative ease." *Id*. As such, the Court should grant the unopposed portion of the EEOC's Motion.

The witnesses' inability to testify in person are due to "unexpected reasons," and not merely due to the inconvenience of traveling to Colorado to attend trial. In particular, Dr. Gutman (home rest due to medical complications), Ms. Crisafi (recent injury at work, MRI scheduled, possible January surgery), Mr. Arseneau (restricted from travelling to high altitude), Ms. Brethour (January surgery scheduled), and Mr. Smallridge (complications from recent surgery), all have health

3

conditions preventing them from traveling to Denver to attend trial.[1] Regarding Dr. Nanes and Mr. Maes, both originally resided within Rule 45's subpoena range but relocated outside the state during the pendency of this litigation. It was not until the EEOC recently contacted them regarding their respective testimony that it learned they had moved. Regarding Mr. Baskind, his live testimony became necessary only recently because Western declined to stipulate to the authenticity of a spreadsheet apparently prepared by Western, and sent to the EEOC as an attachment to an email sent by Western counsel in the litigation, in response to a court order. ECF 26 at 15. Similarly, Mr. Hughes testimony is only necessary for impeachment purposes and the EEOC does not intend to call him unless Western elicits certain testimony at trial. Thus, the unexpected nature of the witnesses' respective medical conditions and relocations as well as Western's litigation strategy create compelling circumstances for the Court to find good cause exists to permit their remote testimony.

**2. The EEOC Will Be Prejudiced If These Witnesses Are Not Permitted to Testify Remotely.**

The EEOC will be prejudiced if Aggrieved Individuals Arseneau, Brethour, and Smallridge are not permitted to testify remotely. Their testimony is essential to support the EEOC's pattern-or-practice claims against Western. For example, Mr. Arseneau is expected to testify as to the impact of Western's "full duty" policy and Western's failure to engage in the interactive process both of which led to Mr. Arseneau's discharge. ECF 934 ¶1. Ms. Brethour worked for Western as a team driver with her late husband Russell. Ms. Brethour is expected to testify about her employment with Western, her job duties, and request for reasonable accommodation. *Id*. at ¶2. Ms. Brethour is also expected to testify on these same topics as they relate to her husband. *Id*. Mr.

---

[1] To avoid having to file this Motion under seal, the EEOC does not specify the witnesses' specific medical conditions preventing them from traveling. Such information is available, however, should the Court require it.

Smallridge worked for Western as a USAC (armored vehicle) driver and was discharged when his FMLA leave ran out. Mr. Hughes was Mr. Smallridge's team driver. Mr. Hughes is expected to testify that he offered to assist Mr. Smallridge by performing parts of the job he could not do and that Western refused Hughes's offer. Instead, Western denied Mr. Smallridge's request for an accommodation and discharged him. Mr. Hughes is expected to be offered for impeachment testimony if Western continues to deny that Smallridge and Hughes made these requests for reasonable accommodation. Although his testimony is expected to be limited, Mr. Hughes' testimony is necessary to refute Western's defense that it could not accommodate Mr. Smallridge's medical restrictions. The testimony of the three Aggrieved Individuals and Mr. Hughes are critical in proving the EEOC's claims and refuting Western's defenses. Because these witnesses are unable to testify in person, the EEOC will be prejudiced if they are not permitted to testify remotely.

The EEOC will also be prejudiced if the EEOC's expert and other third-party witnesses are unable to testify remotely. Specifically, Dr. Gutman is the EEOC's expert witness on industrial and organizational psychology and personnel selection. EFC No. 957 at 2. The Court previously recognized the helpfulness of Dr. Gutman's opinions in its order permitting him to opine "as to the industry standards in human resources and personnel selection, and that Defendant violated those standards, and that federal laws such as the ADA shape those standards . . ." *Id*. at 12. Ms. Crisafi is a former operations manager and dispatcher in Western's previous division in California, and the only manager expected to testify from that division. *Id*. at ¶19. As a dispatcher, Ms. Crisafi is expected to refute Western's position that it was unable to accommodate drivers' disabilities by reassigning them to a different route. ECF 822-111 at ¶¶13, 17. Dr. Nanes provided medical care to Aggrieved Individual Kevin Ingland. ECF No. 934 at ¶15. Dr. Nanes is expected to testify as to the scope, nature, duration, and severity of Mr. Ingland's disability and its effect on

5

his major life activities and/or bodily systems, as well as any corresponding need for accommodations. *Id.* No other witness is identified to testify to Mr. Ingland's medical conditions. Mr. Maes is expected to testify as to Western's qualification standard, including ErgoMed testing requirements, and Western's hiring practices and policies for individuals with any physical limitations, restrictions, prior injuries or workman's compensation claims, or other medical conditions. ECF 934 at ¶36. Maes's testimony includes a direct admission by a Western manager explaining that prior workers compensation injuries disqualified Maes from employment at Western. Finally, Mr. Baskind was previously an EEOC trial attorney and as such able to testify as to the authenticity of a spreadsheet (Exhibits 3469 and 496) Western produced in discovery. Because Western refuses to stipulate to the authenticity and admissibility of its own exhibit, the EEOC is forced to have Mr. Baskind appear for these limited purposes. However, presently, Mr. Baskind is an EEOC Administrative Judge and his case load does not permit him to travel to Colorado for trial. These third-party witnesses, expert, and former EEOC counsel are critical for EEOC to prove its claims against Western and because they are unable to testify in person at trial, the EEOC's case will be prejudiced if they are unable to testify remotely.

### 3. Appropriate Safeguard Will Ensure the Reliability of the Remote Testimony.

Appropriate safeguards are available to ensure the reliability of the remote testimony. "In general, safeguards should ensure (i) accurate identification of the witness; (ii) protection against any outside influence on the witness; and (iii) accurate transmission." *Gil-Leyva*, *supra*, 780 Fed. App'x at 588. Here, the EEOC will arrange for the witnesses to testify from federal courthouses, EEOC offices, or a local court reporter's office where these standards will be met. Moreover, contemporaneous video transmission will ensure the witnesses' testimony is under oath and subject to vigorous cross-examination. *Swedish Match North America, Inc.*, 197 F.R.D. at 3.

6

## IV. Conclusion

The Court should grant the unopposed portion of the EEOC's Motion and permit the remote testimony of Dr. Gutman, Mr. Arseneau, Ms. Brethour, and Mr. Smallridge at trial. For good cause shown, and in the interests of justice to avoid prejudice to the EEOC, the Court should also permit remote testimony at trial for the third-party witnesses Mr. Hughes, Ms. Crisafi, Mr. Nanes, Mr. Maes, and former EEOC counsel Mr. Baskind.

Dated: December 19, 2022

Respectfully submitted,

s/ *Karl Tetzlaff*
Karl Tetzlaff
Trial Attorney
Telephone: 720.779.3619
E-Mail: karl.tetzlaff@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
DENVER FIELD OFFICE
950 17th Street, Suite 300
Denver, Colorado 80202

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all attorneys of record and other persons who have appeared or otherwise requested such electronic service in this action.

s/ *Karl Tetzlaff*
Karl Tetzlaff
Attorney for Plaintiff