IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01727-WJM-STV

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

WESTERN DISTRIBUTING COMPANY, d/b/a WESTERN DISTRIBUTING TRANSPORTATION CORP., a Colorado corporation,

Defendant.

**DEFENDANT'S RESPONSE TO EEOC'S PARTIALLY OPPOSED MOTION TO ALLOW LIVE TESTIMONY BY CONTEMPORANEOUS VIDEO TRANSMISSION AT TRIAL**

Defendant Western Distributing Company d/b/a Western Distributing Transportation Corp. ("Defendant" or "Western"), respectfully requests that the Court grant in part and deny in part EEOC's Partially Opposed Motion to Allow Live Testimony by Contemporaneous Video Transmission at Trial [ECF 1021]. As noted by the EEOC, Western does not oppose EEOC's request to allow remote testimony for aggrieved individuals William Arseneau, Tina Brethour, Darrell Smallridge, and EEOC expert Dr. Gutman. Additionally, upon reconsideration after the Final Pretrial Conference, Western is withdrawing its objection to the remote testimony of Dr. Richard Nanes. However, there is not good cause to support EEOC's request for remote testimony from Michael Baskind, Melaquias Maes, or Sheila Crisafi. Therefore, Western requests that the Court deny EEOC's Motion to permit remote testimony from these three witnesses.

    **I.**    **Legal Standards**

Fed. R. Civ. P. 43 "provides that testimony by contemporaneous transmission (by telephone or videoconference, for instance) may be taken in open court '[f]or good cause in compelling circumstances and with appropriate safeguards." *Eller v. Trans Union, LLC*, 739 F.3d 467, 477 (10th Cir. 2013) (quoting Fed. R. Civ. P. 43(a)). The rule is intended to permit remote testimony when a witness's inability to attend trial is the result of "unexpected reasons, such as accident or illness," and not when it is merely "inconvenient for the witness to attend the trial." Fed. R. Civ. P. 43(a) Advisory Committee Note.

## II.     Argument

At present EEOC has designated 114 witnesses, mostly designated as "May Call" witnesses. At the Final Pretrial Conference on December 20, 2022, the Court ordered the Parties to reduce their witness and exhibit lists and confer about various issues such as stipulations to the authenticity and admissibility of exhibits. While Western is not opposed to the use of video testimony where necessary at trial, Western does not believe that video testimony should be used to expand the already excessive number of witnesses likely to testify as part of EEOC's case. EEOC's Motion requests video testimony for several witnesses whose relevance is so minor or cumulative that they would not have been likely to attend the trial in person because of the inconvenience involved. EEOC's use of remote testimony for these witnesses counteracts the Court's efforts to get EEOC to reduce its grossly excessive witness list. Instead, it allows EEOC to maintain its overly broad witness list to include individuals who would not have otherwise been material enough to overcome the inconvenience of traveling to court for the trial. EEOC has failed to establish good cause to allow the remote testimony of Michael Baskind, Melaquias Maes, or Sheila Crisafi. Additionally, Western would be prejudiced if these witnesses are permitted to testify remotely.

2

**1. There is Not Good Cause to Allow Michael Baskind to Testify Remotely.**

Michael Baskind, an attorney and Administrative Judge for the EEOC, is a newly-identified witness who has not been included on any witness list, including the witness list submitted as part of the Final Pretrial Order. ECF 808-2. EEOC's Motion with respect to Mr. Baskind should be denied on this basis alone. Nevertheless, EEOC argues that Mr. Baskind is needed to testify about a spreadsheet sent to EEOC by Western counsel early in the litigation. The spreadsheet (Exhibit 496) lists the names and social security numbers of over 1,000 former Western employees. The Parties have been conferring about potential stipulation, but at present, EEOC has expressed its intent to have Mr. Baskind incorrectly testify that the spreadsheet was sent with an email (newly-listed Exhibit 3469) that clearly does not contain Exhibit 496. Exhibit 3469 contains two different spreadsheets, neither of which matches the spreadsheet designated as Exhibit 3469. Given EEOC's potential intent to mischaracterize the spreadsheet, Western has been unable to agree to stipulation of the exhibit at this time. However, Western will continue to work with EEOC to determine whether Exhibit 496 can be addressed through a stipulation of some kind.

As further grounds for denying EEOC's Motion with respect to Mr. Baskind, EEOC's Final Witness list already includes <u>three</u> other EEOC records custodians, including a generic "Records custodian for EEOC," Helbis Varangot (a cross-designated witness), and newly-disclosed witness Jeff Bannon, an Assistant General Counsel for EEOC. The designation of four records custodians from EEOC is cumulative and a waste of time. Additionally, allowing an Administrative Judge and an EEOC Assistant General Counsel (neither of whom was disclosed as a witness prior to December 2022) would be extremely prejudicial to Western given the untimeliness of their disclosure and the nature of their roles on the legal team at EEOC. There is no reason that Ms. Varangot cannot authenticate any EEOC records that are not stipulated to by the Parties.

**2. There is Not Good Cause to Allow Melaquias Maes to Testify Remotely.**

Western objects to the video testimony of Melaquias Maes for the reasons specified in Western's Motion in Limine. ECF 969 at 2-5. Maes was not disclosed as a witness in this case until September 4, 2020, more than nine months after discovery closed, and as such, Western is prejudiced by Maes' inclusion on the witness list. Additionally, Maes' testimony is of limited relevance given that Maes never worked for Western and was only an applicant. EEOC asserts that Maes will testify about Western's hiring practices and physical qualification standards despite having never performed any work for Western. Given Maes' limited knowledge and relevance, it is unlikely Maes would have been willing to travel to Colorado for trial. Maes' inability to attend trial is solely the result of inconvenience rather than any unexpected reasons. Consequently, there is not good cause to permit Maes to testify remotely.

**3. There is Not Good Cause to Allow Sheila Crisafi to Testify Remotely.**

Western objects to the video testimony of Sheila Crisafi because her testimony is of such little relevance that it is unlikely she would have traveled to Colorado for the trial even if she had not been injured. Ms. Crisafi worked for the Westcal division of Western for approximately a year and a half. Westcal, located in California, was a small division that closed in 2009. ECF 725-1 at 4. Ms. Crisafi did not supervise any of the aggrieved individuals and she did not work at any of Western's Colorado locations. Consequently, given the length of the witness list and the complications involved in scheduling remote testimony, there are not compelling circumstances sufficient to support good cause for adding a non-material witness to the list of remote witnesses already testifying.

Respectfully submitted this 21st day of December, 2022.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

4

141062860.1

**FOX ROTHSCHILD LLP**

s/ *Nicole H. Howell*
Steven W. Moore
Heidi Wilbur
Renee Sheyko
1225 17th Street, Suite 2200
Denver, CO  80202
Telephone:  (303) 292.1200
Facsimile:   (303) 292.1300
SWMoore@FoxRothschild.com
HWilbur@FoxRothschild.com
RSheyko@FoxRothschild.com

*Nicole H. Howell*
Nicholas J. Walker
4900 Main Street, Suite 150
Kansas City, MO  64112
Telephone:   (816) 919.7900
Facsimile:    (816) 919.7901
NHowell@FoxRothschild.com
NWalker@FoxRothschild.com

Attorneys for Defendant
WESTERN DISTRIBUTING COMPANY
d/b/a WESTERN DISTRIBUTING
TRANSPORTATION CORP.

141062860.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2022, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO EEOC'S PARTIALLY OPPOSED MOTION TO ALLOW LIVE TESTIMONY BY CONTEMPORANEOUS VIDEO TRANSMISSION AT TRIAL** was electronically served on the following individuals:

Karl R. Tetzlaff
Karl.Tetzlaff@eeoc.gov

Rita Byrnes Kittle
Rita.Kittle@eeoc.gov

Lauren A. Duke
Lauren.Duke@eeoc.gov

Michael J. LaGarde
Michael.LaGarde@eeoc.gov

Jeff A. Lee
Jeff.lee@eeoc.gov

Attorneys for Plaintiff,
Equal Employment Opportunity Commission

s/ Nicole H. Howell
*Nicole H. Howell*

141062860.1