**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 16-cv-1727-WJM-STV

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

v.

WESTERN DISTRIBUTING CO.,

      Defendant.

---

### ORDER ON DEFENDANT'S MOTION *IN LIMINE*

---

In this case, the Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") sues Western Distributing Company ("Western" or "Defendant") on behalf of 57 aggrieved individuals, alleging a pattern or practice of discrimination against employees with disabilities, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, ("ADA").

Before the Court is Defendant's Omnibus Motion *in Limine* (ECF No. 969) ("Motion"). Plaintiff filed a response (ECF No. 1009). For the following reasons the Motion is granted in part, denied in part, and denied in part as moot.

### I. LEGAL STANDARD

"The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ." *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994); *see also United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) ("Trial judges have discretion to decide whether an adequate foundation has been laid for the

admission of evidence.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action."  Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.

The movant "has the burden of demonstrating that the evidence is inadmissible on any relevant ground," and a court "may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded."  *Pinon Sun Condo. Ass'n, Inc. v. Atain Specialty Ins. Co.*, 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020) (quoting *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d, 1078, 1082 (D. Kan. 2000)).

## II. ANALYSIS

Defendant argues the Court should preclude Plaintiff from offering evidence and argument regarding: (1) lay witness testimony of a scientific and technical nature; (2) testimony via deposition from Federal Rule of Civil Procedure 30(b)(6) witnesses who are available for trial; (3) Frank Visciano's legal representation of Western; and (4) witnesses and documents that were not disclosed during discovery.  (ECF No. 969.)

### A.   Improper Expert Testimony by Lay Witnesses

Defendant objects to the proposed testimony of four witnesses—Ian McGee, John Atkinson, Charles Pullins, and Israel Hildebrandt—included on Plaintiff's witness list, who Defendant argues will offer expert testimony despite not being designated as

experts.  (ECF No. 969 at 7.)  Rule 701 permits lay witnesses to testify as to their

opinions only when they are rationally based on their own perceptions, helpful to clearly

understanding the witness's testimony or determining a fact at issue, and not based on

scientific, technical, or other specialized knowledge.  Fed. R. Evid. 701.  Defendant

offers three examples[1] of the "types" of testimony that should be excluded:

> (1) McGee's statements about the lifespan, rate-of-wear,
> safe maximum recommended driving speed, and functional
> testing results of AutoSocks; [(2)] Pullins'[s] testimony
> regarding design, safety mechanisms, life-expectancy,
> maintenance of HoodXpress, and opinions in reliance on
> data from engineers and mechanics; [(3)] Jost 30(b)(6)
> designee testimony regarding the design, reliability, safety,
> life-expectancy, and laboratory testing of an air release fifth
> wheel device.

(ECF No. 969 at 9 (citations omitted).)  Defendant argues that this "testimony, as well as

anticipated subjects included on EEOC's witness list . . . , are not permitted" under Rule

701.

Plaintiff argues that none of the cases cited by Defendant hold that a lay witness

cannot describe a device's features and operation based on personal knowledge.  (ECF

No. 1009 at 5 (citing *Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 847 (10th Cir.

1979).)  Plaintiff argues that is exactly the kind of testimony these witnesses offer.  (*Id.*

at 5–7.)

To the extent any of these witnesses purports to offer any *opinion* testimony on

matters of a technical, scientific, or specialized manner, the Motion is granted; to the

extent they purport to offer testimony on *facts* of which they have personal knowledge,

---

[1] Defendant provides no example testimony from John Atkinson, presumably because
he has neither provided an affidavit nor been deposed.  (ECF No. 969 at 7–10; ECF No. 1009 at
5 n.8.)

this portion of the Motion is denied.

**B.    Deposition Testimony from Available Rule 30(b)(6) Witnesses**

Defendant argues Plaintiff should be precluded from offering deposition testimony taken under Rule 30(b)(6) when the deponents are available to testify live. (ECF No. 969 at 10.)  The EEOC has listed Rule 30(b)(6) testimony for third parties ErgoMed and Pinnacol as witnesses it expects to present via deposition.  (*Id.*) Defendant argues that there is no justification for presenting this testimony via deposition under Rule 32 when the deponents are available.  (*Id.*)

Plaintiff represents in its response that it "will not designate Rule 30(b)(6) deposition testimony of non-parties ErgoMed and Pinnacol but may call Rule 30(b)(6) designees to testify live."  As such, this portion of the Motion is denied as moot.

**C.    Western's Legal Counsel**

Defendant objects to Plaintiff calling its legal counsel, Frank Visciano, to testify. (ECF No. 969 at 11.)  Plaintiff seeks to call Visciano "to testify [primarily] regarding the factual assertions made on behalf of Western in the documents he submitted to the EEOC during its investigation of the five charges of discrimination filed against Western."  (ECF No. 1009 at 8.)  Defendant argues that the testimony Plaintiff intends to elicit regarding its record keeping and communications with Visciano during internal investigations is either beyond his personal knowledge or improperly invades the attorney–client privilege.  (ECF No. 969 at 11.)

Visciano was Defendant's counsel "during the time the operative charges of discrimination were investigated by [the] EEOC."  (*Id.* at 12.)  Defendant argues that any information that Visciano has about Defendant would have been obtained during the course of his representation through privileged communications.  (*Id.* at 12–13.)

4

Defendant also argues that the communications between Visciano and the EEOC during the investigatory period did not waive the privilege, and the information that Plaintiff ultimately seeks "can be obtained through Western's management employees." (*Id.* at 13.)

Plaintiff argues that it has no other means of obtaining the crucial information it seeks to introduce via Visciano because Defendant's managers have changed their stories as this matter has progressed.  (ECF No. 1009 at 7–8.)  Plaintiff argues that only Visciano can verify the facts contained in his letters to the EEOC, which are now contradicted by Western's HR Director and CEO.  (*Id.* at 8.)  Further, Plaintiff argues that underlying facts are not privileged, and because it only seeks testimony regarding the facts (and not Visciano's confidential communications with his client), this testimony is appropriate.  (*Id.* at 7.)

The Court agrees with Defendant that the testimony Plaintiff seeks to elicit from Visciano requires disclosing privileged information.  At bottom, Plaintiff seeks to examine Visciano so that he can testify that either or both Maddox and Gaines reviewed the letters he prepared before sending them to the EEOC—which Maddox and Gaines deny.  (*See id.* at 7–8.)  This necessarily requires divulging confidential communications between Visciano and Western that took place in contemplation of potential litigation. And despite the EEOC's assertions, it in fact does not need Visciano's testimony to establish what he communicated to Plaintiff.  Any letters prepared by Visciano while acting as Western's agent are admissible under Fed. R. Evid. 801(d)(2)(D).

Therefore, with respect to Frank Visciano, this portion of the Motion is granted.

## D.    Undisclosed Exhibits and Witnesses

Defendant seeks preclusion of four witnesses and twenty-seven exhibits or

portions of exhibits that it asserts were not properly disclosed in compliance with Rule 26.  (*Id.* at 2; ECF No.1009 at 2.)

      1.   <u>Medical Records</u>

All but two of the challenged exhibits are medical records of aggrieved individuals ("AIs").  Defendant explains that, although Plaintiff asserted during conferral that these records were merely reproductions of previously disclosed records, the parties were "unable to confirm this before the filing deadline."  (ECF No. 969 at 2.)   Therefore, Defendant included these records in its motion to preserve its rights and represented that the parties would "update the Court on whether resolution has been reached on any of these exhibits."  (*Id.*)  As of the Final Trial Preparation Conference ("TPC"), held on December 20, 2022, the parties had not resolved this issue.

Plaintiff argues in its written response and argued orally at the TPC that these medical records were timely disclosed, but because Defendant refused to stipulate to their authenticity, Plaintiff had to resubmit requests to providers to obtain certified copies.  (ECF No. 1009 at 2.)  Some providers responded to the EEOC after the discovery deadline, resulting in reproductions of the medical records, plus certifications, after the deadline.  (*Id.*)  Plaintiff also notes that four of the challenged exhibits have been withdrawn, and one was produced after the deadline pursuant to an order from the Special Master.  (*Id.*; *see also* ECF No. 1008-1 at 4 (referencing ECF No. 540).)

With respect to the four medical records that Plaintiff has withdrawn, the Motion is denied as moot.  With respect to the medical records produced pursuant to an order from the Special Master, the Motion is denied.

This leaves twenty disputed records.  (ECF No. 1009 at 2.)  Defendant represents in the Motion that it seeks exclusion of these records only to the extent they

"are not duplicative of timely productions."  (ECF No. 969 at 3.)  Given Plaintiff's representations during the TPC that the only additional pages in the reproduced medical records are certifications of authenticity, the Motion is denied with respect to the remaining twenty medical records.[2]

      2.    <u>Video Exhibits</u>

The two remaining challenged exhibits are videos.  The first is a video "demonstrating how to put on and use AutoSocks," which EEOC disclosed in the declaration of Ian McGee, dated July 19, 2019, well before the December 2, 2019, close of discovery.  (ECF No. 967-12 at 5; ECF No. 1009 at 2.)  McGee's declaration included a publicly available link to the video Western challenges as late disclosed.  (ECF No. 1009 at 2.)  The Court finds this exhibit was timely disclosed.

The second video is a Colorado State Patrol ("CSP") video explaining traction device requirements that refers specifically to AutoSocks and other traction devices. (*Id.* at 3.)  Plaintiff's expert Cathy Schelly reviewed Colorado Department of Transportation ("CDOT") materials, including the CSP video in question, the night before the second day of her deposition.  (*Id.* at 2–3.)  Plaintiff argues that because Schelly testified that she had reviewed the video, it disclosed the video to Defendant following her deposition.  (*Id.*)  And because Schelly was deposed after the December 2, 2019, deadline, this disclosure was necessarily after the deadline as well.  (*Id.* at 3.)

---

[2] Defendant complains that Plaintiff's inclusion of pages from both the original productions and the certified reproductions complicated the conferral process.  (ECF No. 969 at 2 n.1.)  During the TPC, Plaintiff explained that the reason for this is because some of the records were used and referred to by Bates number during depositions that will be presented during trial.  It is obvious that using only the reproduced medical records with different Bates numbers could confuse the jury during deliberations.  To the extent Defendant objects that including duplicative pages from multiple productions could also confuse the jury, it is a problem of its own making that could easily be resolved by stipulating to the authenticity of the originally produced medical records used during depositions.

In addition, Plaintiff argues Defendant "asserts no bad faith or willfulness," and therefore, the Motion should be denied.  (*Id.*)

The Court agrees with Plaintiff that its disclosure was timely despite being after the deadline, given that the event giving rise to the obligation to disclose also occurred after the deadline, and Defendant does not argue Plaintiff did not diligently disclose the CSP video following Schelly's deposition.

Therefore, the Motion is denied with respect to the two video exhibits.

3.     Witnesses

Defendant argues Plaintiff's late disclosure of four witnesses prejudices it because it had "no opportunity to investigate the circumstances of these individuals in discovery or thereafter while engaged in dispositive [motion] briefing and trial preparation tasks."  (ECF No. 969 at 4.)

As an initial matter, the Court notes that a motion *in limine* is not the proper vehicle for seeking exclusion of witnesses due to late their disclosure.  A motion for discovery sanctions is the more appropriate vehicle for such a request.  *See, e.g., Cook v. Rockwell Intern. Corp.*, 233 F.R.D. 598, 600 (D. Colo. 2005).  In the interest of justice, however, the Court will construe this portion of the Motion as a motion for discovery sanctions, and will analyze it accordingly.

Under Rule 37,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

"This sanction is mandatory unless the non-disclosing party shows substantial justification or that the failure to disclose was harmless."  *See Cook*, 233 F.R.D. at 600.

However, striking a witness based on disclosure deficiencies is a drastic sanction. *Summers v. Mo. Pac. R.R. Sys.,* 132 F.3d 599, 604 (10th Cir. 1997) (recognizing that "[t]he decision to exclude evidence is a drastic sanction"); *see also McAdoo v. ITT Educ. Servs., Inc.*, 2011 WL 2198568, at *2 (D. Colo. June 6, 2011) ("Without a finding of bad faith or gamesmanship . . . courts are loathe to invoke the strong medicine of precluding expert testimony.") (quoting *McClain v. Metabolife Int'l, Inc.*, 193 F.Supp.2d 1252, 1259 (N.D. Ala. 2003)).

In *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985 (10th Cir. 1999), the Tenth Circuit identified four factors for courts to consider in determining whether the failure to disclose information required under Rule 26 is substantially justified or harmless: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the nondisclosing party's bad faith or willfulness.  170 F.3d at 993.

a.   *Korey Preston*

The Court addresses Korey Preston first because Defendant argues "the harm factors weigh even more in favor of exclusion" than the other witnesses.  (ECF No. 969 at 6.)  Defendant argues EEOC was aware of Preston at least as early as June 2019. (*Id.*)  Preston is a former Western driver who claims he was discharged after using his full 12 weeks of leave and was not rehired due to work restrictions.  (ECF No. 1009 at 4.)  Plaintiff urges that Preston is important to its case, but according to Defendant, this only highlights the prejudicial nature of his anticipated testimony.  (*Id.*)  And despite this apparent prejudice to Defendant, Plaintiff failed to ever offer "an unconditional opportunity to reopen discovery to depose Preston."  (*Id.*)  Defendant argues Plaintiff was not diligent in investigating how Preston fit into its claim and has no substantial

justification for its failure to timely disclose him as witness.  (*Id.*)  Defendant argues that permitting Preston to testify would amount to an "ambush."  (*Id.*)

Plaintiff argues its late disclosure is substantially justified because it did not learn of Preston's importance until after discovery had closed.  Preston was one of 24 individuals named in its notice of Rule 30(b)(6) deposition of ErgoMed.  (ECF No. 1009 at 4.)  ErgoMed was deposed on November 8, 2019, approximately one month before the close of discovery, but the EEOC "did not have enough time to ask questions about Preston."  (*Id.*)  During a call with Preston after the close of discovery,[3] Preston claimed Western discharged him after exhausting 12 weeks of leave under the Family Medical Leave Act of 1993, 28 U.S.C. §§ 2601, *et seq.* ("FMLA"), and refused to rehire him due to work restrictions.  (*Id.*)  Plaintiff argues this evidence is particularly probative because Preston had the same medical condition as Al Kallenbach, was discharged weeks after Kallenbach was, and has no financial stake in the outcome of this case.[4]  (*Id.*)

The Court is not impressed with Plaintiff's excuse that it did not have enough time to ask ErgoMed questions about Preston.  The EEOC is responsible for managing its own time during its depositions, and there is no assertion that Western unfairly wasted time in order to gain some tactical advantage at the deposition.  (*See id.*)  Further, it is clear from the actual events that the EEOC was able to contact Preston, and he was receptive to its questions.  But the EEOC does not even attempt to explain why it waited until after the close of discovery to speak with Preston.  (*See id.*)

---

[3] The EEOC does not offer the exact date of this call or what efforts it made between November 9, 2019, and December 2, 2019, to contact Preston.  (*See* ECF No. 1009 at 4.)

[4] Preston indicated to the EEOC that he was interested in participating in the lawsuit; however, it was too late to add him as an AI.  (ECF No. 1009 at 4 n.7.)

Therefore, the Court has little trouble in finding Western has been prejudiced.  This, however, does not end the inquiry.

Defendant never argues Plaintiff's acted in bad faith or willfully violated Rule 26. (*See* ECF No. 969 at 6.)  In fact, Defendant very clearly states that it believes Plaintiff simply "forgot" to disclose Preston.  (*Id.*)   The fact that this litigation, at long last, is now on the eve of trial factors into the Court's consideration of the available ways to avoid the inappropriately (in these circumstances) drastic sanction of precluding Preston from testifying at trial, yet in some meaningful manner cure the resulting prejudice to Western.  All of this is, of course, in addition to the overarching necessity of not further delaying the trial in this case.

Upon due consideration, with respect to the testimony of Preston, the Court orders the parties to proceed as follows: 1) Preston will be permitted to testify in the EEOC's case in chief; 2) **no later than 48 hours prior** to the anticipated time for Preston's testimony, Plaintiff will provide to Defendant a detailed factual summary of the materially relevant testimony it anticipates eliciting from Preston on direct examination, along with a complete list of all exhibits it anticipates will be in any manner referenced or used with the witness in the course of its direct examination; and 3) the Defendant's cross examination of Preston will not be limited to the scope of the EEOC's direct.

Therefore, with respect to Preston, the Motion is denied.

b.      *Laurie Deview, Charles Dupree, and Melaquias Maes*

Defendant argues Plaintiff was also aware of the three other witnesses, Laurie Deview, Charles Dupree, and Melaquias Maes, at least as early as June 2019 because Plaintiff included them in its notice of taking a Rule 30(b)(6) deposition of ErgoMed. (ECF No. 969 at 4–5.)  Western argues that because discovery in this case is already

disproportionate and Plaintiff has continuously and unpredictably supplemented discovery after the deadline, reopening discovery to permit additional depositions is "not a true cure of the prejudice to Western under the circumstances." (*Id.* at 5.)

Plaintiff argues that Defendant's argument relies on omitting a key detail: that the special master permitted Plaintiff to take a second Rule 30(6)(b) deposition of Defendant eight months after the close of discovery. (ECF No. 1009 at 3.) During this second Rule 30(b)(6) deposition, Defendant named five individuals who had failed the ErgoMed exam—three of whom were Deview, Dupree, and Maes. (*Id.*) Based on Defendant's testimony, which occurred after the close of discovery, Plaintiff supplemented its disclosures. Therefore, Plaintiff argues its late disclosure of Deview, Dupree, and Maes is substantially justified. (ECF No. 1009 at 4.)

The Court finds that substantial justification exists for the delay in disclosing Deview, Dupree, and Maes. The Special Master permitted a second Rule 30(b)(6) deposition of Defendant, and it was testimony during that deposition that revealed the importance and relevance of them to Plaintiff's case. Though the EEOC will be permitted to call these witnesses, the Court will hold it to its word that these witnesses' "testimony will be limited to [the ErgoMed] tests" they failed. (*Id.*)

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS Defendant's Omnibus Motion *in Limine* (ECF No. 969) is GRANTED IN PART, DENIED IN PART, AND DENIED IN PART AS MOOT, to the extent set forth above.

Dated this 4th day of January, 2023.

BY THE COURT:

_____

William J. Martinez
United States District Judge